# EXHIBIT A

# State Court Pleadings

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF SPARTANBURG | ) | C/A NO: **2016-CP-42-**_____ |
| | ) | |
| Stacey Jefferies, | ) | |
| | ) | |
| Plaintiff | ) | **SUMMONS** |
| v. | ) | |
| | ) | |
| Certified Auto Center, LLC #2 and | ) | |
| Credit Acceptance Corp. | ) | |
| | ) | |
| Defendant. | ) | |

**TO THE ABOVE NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the Complaint on the undersigned at his office located at P.O. Box 6326 (160 Hidden Hill Road), Spartanburg, SC 29304, within thirty (30) days after the service thereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint.

**ALFORD & HART, LLC**

/s/ Andrew R. Hart
Andrew R. Hart
SC Bar no. 79063
P.O. Box 6326
Spartanburg, SC  29304
(864) 574-0870
Attorney for Plaintiff

Spartanburg, South Carolina
October 25, 2016

ELECTRONICALLY FILED - 2016 Oct 26 9:44 AM - SPARTANBURG - COMMON PLEAS - CASE#2016CP4203846

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF SPARTANBURG | ) | C/A NO: **2016-CP-42-**_____ |
| Stacey Jefferies, | ) | |
| | ) | |
| Plaintiff | ) | **COMPLAINT** |
| v. | ) | |
| | ) | |
| Certified Auto Center, LLC #2 and | ) | |
| Credit Acceptance Corp. | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL REQUESTED** |
| | ) | |

**COMES NOW THE PLAINTIFF** complaining of the Defendant and would respectfully show until this Honorable Court the following:

## PARTIES

1. Plaintiff is a resident of Cherokee County, State of South Carolina.

2. Defendant Certified Auto Center, LLC #2 is a corporation organized under the laws of South Carolina, is licensed to do business in the State of South Carolina, and is engaged in the business of the sale and financing of used automobiles and maintains its principle place of business in Spartanburg County, State of South Carolina.

3. Defendant Credit Acceptance Corp. is a business incorporated in the State of Michigan and is licensed to do business in the State of South Carolina. Defendant Credit Acceptance is engaged in the business of consumer financing.

4. Defendant Credit Acceptance as holder of the subject consumer credit contract, is subject to all claims and defenses pursuant to SC Code §37-2-404 and 15 CFR 433.2.

5. The facts giving rise to the causes of action herein occurred in Spartanburg County, State of South Carolina, and jurisdiction in this court is proper.

## FACTS

6. On or about March 26, 2016, Plaintiff visited the Defendant's place of business with her boyfriend in Spartanburg County, State of South Carolina with the desire to potentially purchase a reliable and safe used vehicle.

7. Plaintiff was assisted by an agents of the Defendant named "Wizard," real name unknown, and "Jason Oswold," who assisted her with viewing vehicle at Defendant's place of business. At all times described herein, "Wizard" and "Jason Oswold" acted as agents of the Defendant with actual or implied authority to bind the Defendant.

8. Plaintiff informed agents of the Defendant that she only wanted to purchase a reliable vehicle

9. Plaintiff was first shown, and was interested in purchasing, a Dodge Journey and a Honda Sonata, but was told by "Wizard" and "Jason" that the vehicles cost "too much" for Plaintiff.

10. Instead of the vehicles Plaintiff expressed an interest in purchasing, she was directed by agents of the Defendant to a 2013 Ford Flex SE Crossover (hereinafter the "subject vehicle").

11. Plaintiff asked agents of the Defendant about the condition of the subject vehicle, and agents of Defendant represented to Plaintiff that the vehicle was "in perfect condition," "ran good," had "new everything" and was "reliable."

12. Plaintiff asked agents of the Defendant if the vehicle would "break down as soon as we left the lot," and agents of the Defendant assured Plaintiff that it would not.

13. Agents of the Defendant represented to Plaintiff that "if anything happened within 30 days" of purchasing the vehicle, "we'll fix it" and that the vehicle had a "30-day warranty" from the dealership.

14. Upon turning on the vehicle prior to purchase, the vehicle's check engine light illuminated, and Plaintiff was assured that "nothing was wrong" with the vehicle and that "if anything happened" to the vehicle within 30 days of purchase, the dealership would fix it.

15. Based on the representations of Defendant that the vehicle was "in perfect condition," "ran good," had "new everything," was "reliable," had a 30-day warranty and that if anything went wrong within the first 30 days following purchase Defendant would fix it, Plaintiff decided to purchase the vehicle.

16. Plaintiff was assisted by "Kelvin," an agent of the Defendant, in executing paperwork to purchase the vehicle. At all times described herein, "Kelvin" acted as agents of the Defendant with actual or implied authority to bind the Defendant.

17. Plaintiff agreed to make a total down payment of $2,000.00 for the subject vehicle, with the remainder of the total purchase price being financed by Defendant Credit Acceptance.

18. Defendant agreed to allow Plaintiff to make a deferred down payment.

19. Plaintiff paid $500.00 to Defendant on the day of purchase, returned on Monday, March 28, 2016 and paid $1,000.00, and then returned on Monday, April 4, 2016 to pay the remaining $500.00 of the down payment.

20. Plaintiff was not provided with a copy of the financing contract she executed.

21. After agreeing to purchase the vehicle and executing all requested paperwork, Plaintiff left the dealership with the subject vehicle.

ELECTRONICALLY FILED - 2016 Oct 26 9:44 AM - SPARTANBURG - COMMON PLEAS - CASE#2016CP4203846

ELECTRONICALLY FILED - 2016 Oct 26 9:44 AM - SPARTANBURG - COMMON PLEAS - CASE#2016CP4203846

22. The same day of purchase however, Plaintiff began experiencing problems with the vehicle, specifically sensors on the vehicle warning that a door was ajar began coming on when all vehicle doors were closed; the vehicle's interior light won't turn off; and the vehicle's alarm continuously went off without any event that would cause it, and there was a large crack in the windshield.

23. On or about March 28, 2016, Plaintiff received a phone call from "Kelvin" informing Plaintiff that she "had to" come back to the dealership to "have a GPS installed" on the vehicle.

24. Plaintiff did not dispute the installation of the system at the time, because she was led to believe that it was a navigation system, and not a GPS tracking device.

25. Plaintiff did not agree at the time of purchase to have a GPS tracking device installed, and had she been informed that a GPS device would be required to be installed, she would not have purchased the subject vehicle.

26. Plaintiff received a call the same day from "Jason Oswald," and Plaintiff informed Oswald of the vehicle's problems with the warning lights, interior lights, and alarm system.

27. "Jason Oswald" informed Plaintiff that when she brought the vehicle in for instillation of the "GPS," the problems detailed by the Plaintiff would be fixed.

28. Plaintiff presented the subject vehicle to Defendant for installation of the "GPS," and Plaintiff was informed that the device being installed was a tracking device, not a navigation system.

29. Installation of the GPS tracking device occurred at Elite Audio.

30. Plaintiff did not consent to the installation of a GPS tracking device by either Defendant.

ELECTRONICALLY FILED - 2016 Oct 26 9:44 AM - SPARTANBURG - COMMON PLEAS - CASE#2016CP4203846

31. When Plaintiff received her vehicle back following installation of the GPS tracking device, the problems noted with the vehicle were still present and had not been fixed by the Defendant, and the vehicle's alarm and door ajar sensor constantly went off.

32. On or about April 22, 2016 during normal operation of the vehicle by Plaintiff, the check engine light illuminated and the vehicle began smoking.

33. Plaintiff contacted the Defendant immediately following the difficulties, and was required to leave a message as no one picked up.

34. Plaintiff continued to attempt to contact the Defendant by phone, but was told she needed to talk to "Jason Oswald," who was "not in."

35. Plaintiff, after attempting to contact "Jason Oswald" by phone, went to the dealership in person on or about April 25, 2016 to attempt to have the vehicle inspected and fixed pursuant to the promise of a 30-day warranty by Defendant.

36. Plaintiff spoke with "Jason Oswald," and stated that Mr. Oswald had informed her of a 30-day warranty he promised her in the purchase of the vehicle.

37. Mr. Oswald stated that he is "not going to do anything" with the car, and that Plaintiff had to leave the dealership.

38. While in the office of Mr. Oswald, in response to Plaintiff's insistence that Defendant honor its warranty, Mr. Oswald stated that he "got something for you (Plaintiff), and pulled a handgun out of his desk, pointing the gun at Plaintiff and her boyfriend.

39. Plaintiff immediately felt threatened and that her life and safety were at risk.

40. Plaintiff left Mr. Oswald's office in fear of her safety, and called the local police.

41. Plaintiff has not received any responsive communication in regards to complaints about the vehicle's condition since that time.

## For a First Cause of Action

### Revocation of Acceptance (SC Code §36-2-608)

41. The above paragraphs are restated.

42. Plaintiff accepted the above-referenced vehicle from Defendant dealership without knowledge of any defects, and relying on representations of quality from Defendant that the vehicle "in perfect condition," "ran good," had "new everything," was "reliable," had a 30-day warranty and that if anything went wrong within the first 30 days following purchase Defendant would fix it, Plaintiff decided to purchase the vehicle.

42. Following purchase of the vehicle, Plaintiff discovered serious safety issues and defects with the vehicle's mechanical condition.

43. Plaintiff revokes her acceptance of the subject vehicle pursuant to SC Code §36-2-608, and no substantial change in the condition of the vehicle, other than that caused by the defects themselves, occurred.

44. Pursuant to SC Code § 36-2-711, Plaintiff seeks return of the purchase price paid to Defendant for the subject vehicle, and damages for inspection, receipt, transportation, care and custody incurred.

## For a Second Cause of Action

### Fraud

45. The above paragraphs are restated.

46. Defendant represented to the Plaintiff that the vehicle was "in perfect condition," "ran good," had "new everything," was "reliable," had a 30-day warranty and that if anything went wrong within the first 30 days following purchase Defendant would fix it, Plaintiff decided to purchase the vehicle. prior to Plaintiff's purchase of the vehicle.

ELECTRONICALLY FILED - 2016 Oct 26 9:44 AM - SPARTANBURG - COMMON PLEAS - CASE#2016CP4203846

47. Defendant's representations were false, and were material to the Plaintiff's purchase of the vehicle.

48. Defendant had knowledge that their representations were false, or the representations were made with a reckless disregard for their truth or falsity.

49. Defendant intended that the Plaintiff rely on the representations, and Plaintiff relied on the representations with ignore as to their falsity.

50. Absent Defendant's representations that the car was "good" and "safe," Plaintiff would not have purchased the vehicle.

51. Plaintiff had a right to rely on the representations, and as a result of Defendant's false representations, Plaintiff has suffered damages.

52. Defendant's conduct was willful and wanton.

53. Plaintiff seeks actual, incidental and punitive damages.

### For a Third Cause of Action

### Negligence/Negligent Misrepresentation

54. The above paragraphs are restated.

55. Dealer had a duty pursuant to 16 CFR 455.1 to disclose the mechanical condition of the vehicle, and to accurately represent to the terms of any warranty being sold with a vehicle.

56. Defendant misrepresented the mechanical condition of the subject vehicle, and misrepresented the existence of a warranty that was being sold with the vehicle.

57. Violation of a statutory duty is negligence per se.

58. Defendant breached their duty by misrepresenting the condition of the subject vehicle and/or making statements of fact regarding the quality of the vehicle with a reckless disregard for the truth of the statements.

59. Defendant's actions were willful and wanton, and caused damaged to the Plaintiff.

ELECTRONICALLY FILED - 2016 Oct 26 9:44 AM - SPARTANBURG - COMMON PLEAS - CASE#2016CP4203846

60. Defendants made a false representation to Plaintiff as to the condition and history of the vehicle, absent the Plaintiff knowing the truth of the matter. Dealer had a pecuniary interest in making the statement; the Defendant owed a duty of care to see that they communicated truthful information to the Plaintiff; the Defendant breached that duty by failing to exercise due care; the Plaintiff justifiably relied on the representation; and the Plaintiff suffered a pecuniary loss as the proximate result of his reliance upon the representation.

61. Plaintiff seeks actual, incidental and punitive damages.

### For a Fourth Cause of Action

### Violation of SC Code §56-15-10, et seq.

62. Defendant, as a dealer of used vehicle engaged in business in the State of South Carolina, is subject to SC Code §56-15-10, et seq.

63. Defendants' conduct in selling a defective and dangerous vehicle absent disclosure to the Plaintiff, violating 16 CFR 455.1 by misrepresenting the mechanical condition of the subject vehicle and falsely representing that there was a warranty on the subject vehicle was unfair and deceptive, in violation of SC Code §56-15-30 and 40.

64. Plaintiff suffered damages as a result of Defendant's unfair and deceptive conduct.

65. Defendant's conduct was intentional and knowing, and is the direct and proximate cause of damages incurred by Plaintiffs.

66. Plaintiff seeks damages pursuant to SC Code §56-15-110, including statutory, actual, incidental and punitive damages and attorney's fees.

### For a Fifth Cause of Action

**Violation of South Carolina Unfair Trade Practices Act (SC Code §39-5-10, et seq.)**

67. The above paragraphs are restated.

ELECTRONICALLY FILED - 2016 Oct 26 9:44 AM - SPARTANBURG - COMMON PLEAS - CASE#2016CP4203846

68. The Defendants committed unfair and deceptive practices causing damage to Plaintiff in misrepresenting the condition of the subject vehicle, failing to disclose the known condition of the vehicle, and failing to accurately state the terms of the warranty being sold with the subject vehicle.

69. The omission of disclosing the material condition of the vehicle, misrepresentation of the condition of the vehicle, and misrepresenting the terms of the warranty being sold with the vehicle has been repeated on other consumers, or has the potential for repetition, and is unfair and injurious to members of the public and violates SC Code §39-5-20.

70. The acts described above were the direct and proximate cause of actual damages incurred by the Defendants.

71. The conduct of Defendant was knowing and willful, and intentionally designed to harm consumers such as Plaintiff and to enrich the Defendants unfairly.

72. Plaintiff seeks damages pursuant to SC Code §39-5-140, including actual damages, treble damages, punitive damages, and attorney's fees and costs.

### For a Sixth Cause of Action

### Assault

73. Plaintiff restates all prior paragraphs.

74. "Jason Oswald," an agent of the Defendant acting within the capacity of his authority and position with Defendant, threatened bodily harm to the Plaintiff.

75. Oswald pulled a gun on Plaintiff, with the apparent present ability to carry out bodily harm against Plaintiff.

76. Plaintiff suffered damages a result of the actions of the Defendant, fearing for her life and safety.

ELECTRONICALLY FILED - 2016 Oct 26 9:44 AM - SPARTANBURG - COMMON PLEAS - CASE#2016CP4203846

77. The actions of Defendant were willful and wanton.

78. Plaintiff seeks actual, incidental and punitive damages.

### For a Eighth Cause of Action
### Violation of the Truth in Lending Act (SC Code 37-2-301)

79. Plaintiff restates all prior paragraphs.

80. South Carolina Code imposes a duty pursuant to §37-2-301 for persons upon whom the Federal Truth in Lending Act (15 USC 1601 et seq., hereinafter "TILA") imposes a duty or obligation to give to the consumer the disclosures, information, and notices required of him and to fully comply with any applicable duty imposed by TILA.

81. Defendant Credit Acceptance failed to make proper disclosures required by TILA in failing to provide Plaintiff with a copy of the financing agreement.

82. Pursuant to TILA, Plaintiff seeks actual damages, statutory damages, costs and reasonable attorney's fees.

WHEREFORE, Plaintiff prays for the relief sought in each of the causes of action set forth above, pre-judgment interest, and all relief in law and equity deemed appropriate by this honorable court.

**ALFORD & HART, LLC**

/s/ Andrew R. Hart
Andrew R. Hart
SC Bar no. 79063
P.O. Box 6326
Spartanburg, South Carolina 29304
(864) 574-0870

Spartanburg, South Carolina
October 25, 2016                ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF SPARTANBURG ) | C/A NO: 2016-CP-42-3636 |
| ) | |
| Stacey Jefferies ) | |
| ) | |
| Plaintiff ) | CERTIFICATE OF SERVICE |
| v. ) | |
| ) | |
| Certified Auto Center, LLC #2 and ) | |
| Credit Acceptance Corp. ) | |
| ) | |
| Defendant. ) | |

The undersigned does hereby certify that she has this date served a Summons and Complaint upon the defendant, Credit Acceptance Corporation by depositing the same in the United States mail, Certified, with sufficient postage duly attached thereto, to the following address:

Corporation Service Co.
1703 Laurel Street
Columbia, SC 29201
As Registered Agent for the defendant Credit Acceptance Corporation

ALFORD & HART, LLC

For: Marilyn M. Hall
Andrew R. Hart
P.O. Box 6326
Spartanburg, South Carolina 29304
(864) 574-0870

Spartanburg, South Carolina
October 29, 2016



Alford & Hart, LLC
P.O. Box 6326
Spartanburg, SC 29304

CERTIFIED MAIL

7007 2680 0001 8712 9989

U.S. POSTAGE PAID
SPARTANBURG, SC
29306
OCT 28, 16
AMOUNT
$6.89
R2304M115330-3

Corporation Service Co.
1703 Laurel Street
Columbia, SC 29201